# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ALLEN LEE BARRON,**

        **Plaintiff,**

    **vs.**                                    **Case No. 04-C-0967**

**JO ANNE BARNHART,**

        **Defendant.**

## DECISION AND ORDER

Allen Lee Barron ("Barron") filed a complaint, pursuant to 42 U.S.C § 405(g), seeking review of a decision of the Social Security Administration ("Administration"). The Court granted Barron's request to proceed *in forma pauperis* and directed him to file a brief by March 21, 2005. He did not do so. Jo Anne Barnhart ("Barnhart") moved the Court to dismiss Barron's action for lack of prosecution, but the Court delayed ruling on that request in order to warn Barron that if he failed to file a brief his action would be dismissed. Barron was given until May 23, 2005—an extension of over two months from his original March 21, 2005 deadline—to file his brief and avoid dismissal. Once again, the deadline has passed with no word from Barron.

Civil Local Rule 41.3 (E.D. Wis.) provides:

> Whenever it appears to the court that the plaintiff is not diligently prosecuting the action, the court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within twenty (20) days.

The Seventh Circuit has instructed that when deciding whether to dismiss a case, courts, ideally, should consider a number of factors including:

> the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citation omitted).

Here, however, it is difficult to consider those factors in any depth because this action never got off the ground. Barron's transgressions amount only to missing two deadlines: he failed to file his case brief twice. The fault is his own, since he represents himself. Barron's failure to meet deadlines can hardly be described as chronic—it is not as if this litigation has gone on for years and Barron has blown off deadline after deadline. Thus, the Court's calendar and time have not been taxed by Barron; only one short order warning Barron that he must file his brief has been issued. Likewise, the Administration has been prejudiced only insofar as it cannot move this litigation towards completion, but surely its time has not been taxed either (it takes little effort to defend against a plaintiff who files nothing). Still, the two deadlines he has missed are the only two that matter. His brief would have explained his case, detailed the errors he alleged, and stated the relief he sought. His inability to meet those briefing deadlines has kept his case from ever getting off the ground. Barron has not filed anything in this case for over five months, despite being notified of the Administration's request that his case be dismissed and the

Court's order that he must file his brief by May 23, 2005. Finally, the Court cannot weigh the probable merits of Barron's suit. His brief—the one he never filed—would have been the first substantive insight into his statement of the case and the errors he alleges the Administration made.

Barron's failure to file anything of substance, indeed anything at all, for the last five months, has hamstrung the Court. Although, there is no indication that Barron's vanishing act is maliciously motivated,[1] the Court has no choice but to dismiss his case for failure to prosecute.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Jo Anne Barnhart's Motion to Dismiss for Failure to Prosecute [Docket No. 12] is **GRANTED**.

Barron's action is **DISMISSED** for failure to prosecute.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 26th day of May, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa
Chief Judge**

---

[1] Indeed, the progression of the suit suggests that his failure to prosecute was not maliciously motivated. Barron filed a short complaint, asked for permission to proceed *in forma pauperis*, refused to consent to magistrate jurisdiction, and then stopped filing. He never addressed substantive issues; he never thwarted discovery; he never defiantly refused to cooperate. Barron's failure to prosecute this action, while inconvenient to the Court and the Administration (and irresponsible), is not egregious. Nevertheless, he has left the Court with no option but to dismiss.